## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

CARLA CECILIA TAYLOR,                             *

               **Plaintiff,**                        *

        **vs.**                                  *          **Civil Action No.   ADC-15-2204**

CAROLYN W. COLVIN,                               *
Acting Commissioner,                             *
Social Security Administration,                  *

          **Defendant.**                      *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION GRANTING PLAINTIFF'S
### ALTERNATIVE MOTION FOR REMAND

On July 28, 2015, Carla Cecilia Taylor ("Plaintiff") petitioned this court to review the

Social Security Administration's ("SSA") final decision to deny her claim for Disability

Insurance Benefits ("DIB"). *See* ECF No. 1 ("the Complaint"). After consideration of the

Complaint and each parties cross-motions for summary judgment (ECF Nos. 16, 19, 21), the

Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). In addition, for the

reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED,

Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, and Plaintiff's alternative

motion for remand (ECF No. 16) is GRANTED. The Court REMANDS this matter to the Social

Security Administration Commissioner for further consideration, pursuant to sentence four of 42

U.S.C. §§ 405(g).

### CASE BACKGROUND

On June 6, 2011, Plaintiff filed a Title II application for a period of disability and

disability insurance benefits alleging disability beginning on January 16, 2011. That claim was

1

denied initially and upon reconsideration on September 21, 2011 and May 3, 2012, respectively.

Subsequently, on June 25, 2012, Plaintiff filed a written request for a hearing. On December 18,

2013, a hearing was held before an Administrative Law Judge ("ALJ"). Following that hearing,

on January 23, 2014, the ALJ rendered a decision determining that Plaintiff was "not under a

disability, as defined by the Social Security Act, at any time from January 16, 2011, the alleged

onset date, through June 30, 2013, the date last insured (20 C.F.R. 404.1520(f))." ECF No. 13 at

33. Thereafter, Plaintiff requested review of the decision on March 25, 2014 and, on June 9,

2015 the Appeals Council affirmed the ALJ's decision. Thus, the decision rendered by the ALJ

became the final decision of the Commissioner. *See* C.F.R. § 416.1481; *see also Sims v. Apfel*,

530 U.S. 103, 106-07 (2000).

On July 28, 2015, Plaintiff filed the Complaint in this Court seeking judicial review of

the Commissioner's final decision.[1] On December 8, 2015, Plaintiff filed a Motion for Summary

Judgment and, in the alternative, motion for remand. On March 29, 2016, Defendant filed a

Motion for Summary Judgment. On April 12, 2016, Plaintiff filed a Response to Defendant's

Motions for Summary Judgment. This matter is now fully briefed and the Court has reviewed

Plaintiff's Motion for Summary Judgement and alternative motion for remand as well as

Defendant's Motion for Summary Judgment and Plaintiff's Response to such.

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that he is under disability within

the meaning of the Social Security Act. The term "disability," for purposes of the Social Security

Act, is defined as the "[i]nability to engage in any substantial gainful activity by reason of any

---

[1] On May 2, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such a severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that, "[i]f at any step a finding of disability or non-disability can be made, the [Commissioner] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the Commissioner considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the Commissioner considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

At step three, the Commissioner considers the medical severity of the impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the presumptively disabling impairments listed in the Code of Federal Regulations, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

At step four, the Commissioner will assess the claimant's residual functional capacity ("RFC") to determine the claimant's ability to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

At steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *see also Radford*, 734 F.3d at 291. At step five, the burden shifts to the Commissioner to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012); *See also Walls v. Barnhart,* 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of January 16, 2011 through her date last insured of June 30, 2013. ECF No. 13 at 27. At step two, the ALJ found that Plaintiff had the following severe impairments through the date last insured: degenerative disc disease; diabetes mellitus; and obesity. *Id.* At step three, the ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt P, App. 1. *Id.* at 28. Prior to proceeding to step four, the ALJ further determined that:

> [Plaintiff] had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except can stand and walk between 3 and 6 hours, and sit for 6 hours, for a combined total of 8 hours in a given workday; can only occasionally stoop, crouch, squat, kneel, balance, and climb stairs; work should not involve any crawling, ladders, dangerous heights, or dangerous machinery; can alternate use of the right and left hand to reach overhead; should avoid concentrated exposure to cold, wetness, gases, and fumes. She can understand, remember and carry out detailed instructions, up to SVP 3; and can concentrate and pay attention at that level of complexity for up to 2 hours at a time.

*Id.* at 28-29. In so making this determination, the ALJ found that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible (. . .)." *Id.* at 30. At step four, the ALJ determined that Plaintiff was capable of performing the requirements of her past relevant work as an assembler and that Plaintiff was additionally capable of performing other jobs existing in significant number in the national economy. Id. at 31-33 ("considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy.") The ALJ finally concluded that,

"[a] finding of 'not disabled' is therefore appropriate under the framework of the above-cited rule [Medical-Vocational Rule 202.21]." *Id* at 33.

## STANDARD OF REVIEW

"This Court is authorized to review the Commissioner's denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). However, the Court does not conduct a de novo review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a de novo review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence."). Therefore, the issue before the reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.").

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); *see Hancock*, 667 F.3d at 472. It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith v. Chater*, 99 F.3d at 638. "In

reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d at 653 (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted).

## PLAINTIFF'S ARGUMENTS RAISED

In the present case, Plaintiff contends that the decision of the ALJ is not supported by substantial evidence. Plaintiff raises three arguments in support of that contention: (1) that the ALJ failed to properly evaluate Plaintiff's impairment at step three of the sequential evaluation pursuant to 20 C.F.R. Pt. 404, Subpt P, App. 1, § 1.04A; (2) that the ALJ failed to properly evaluate Plaintiffs credibility; and (3) that the ALJ's determination with regard to Plaintiff's RFC was not supported by substantial evidence. Each of Plaintiff's arguments are addressed below.

## DISCUSSION

### A. The ALJ Properly Evaluated Plaintiff's Credibility.

Plaintiff asserts that the ALJ failed to properly evaluate his testimony with regard to "the intensity, persistence and limiting effects of her symptoms" and maintains that the ALJ "depreciated Plaintiff's credibility based on two erroneous assertions; (1) limited objective evidence of record, and (2) Plaintiff's reported activities of daily living." ECF No. 16 at 42. Plaintiff's arguments are unavailing.

Where a claimant alleges disability due to pain, the ALJ must apply the Commissioner's regulations, 20 C.F.R. § 404.1529 and § 416.929, which establish a two-step process for evaluating whether a person is disabled by pain and other symptoms. *See Craig v. Chater*, 76 F.3d 585, 594 (4th Cir.1996). At the first step, the ALJ must determine that objective evidence

shows the existence of a medical impairment which could reasonably be expected to produce the actual pain in the amount and degree alleged by the claimant. *Id.* At the second step, the ALJ must evaluate the intensity and persistence of the claimant's symptoms, including pain, to determine the extent to which those symptoms limit the claimant's capacity to work. *Id.* at 595; 20 C.F.R. §§ 404.1529(c)(1); 416. 929(c)(1). At this second stage, the ALJ must consider all the available evidence, including the claimant's medical history, medical signs, statements by the claimant and his treating or examining physicians, objective medical evidence of pain, and any other information proffered by the claimant. 20 C.F.R. §§ 404.1529(c)(1)-(3); 416.929(c)(1)-(3).

In addition, the ALJ should consider inconsistencies in the evidence to determine whether a claimant's subjective claims regarding her pain symptoms can reasonably be accepted. 20 C.F.R. §§ 404.1529(c)(4); 416.929(c)(4). Subjective symptoms of pain, standing alone, cannot sustain a finding of disability and a claimant must substantiate his allegations of pain. 20 C.F.R. § 404.1529; *see also Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir.1994) (pain may render claimant incapable of working independent of any physical limitation, but allegations of pain alone are insufficient for disability to be found). The ALJ, therefore, is required to make a finding regarding a claimant's credibility and should specifically refer to the evidence supporting that finding. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir.1985).

In the present case, the ALJ appropriately recognized her obligation to properly evaluate the credibility of Plaintiff's testimony with regard to the pain and restrictions caused by her impairments in accordance with 20 C.F.R. § 404.1529. After analyzing the evidence of record, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the

intensity, persistence and limiting effects of these symptoms are not credible for the reasons explained in this decision."

While the ALJ acknowledged Plaintiff's testimony about the pain symptoms caused by her physical impairments, she pointed to several facts which were inconsistent with the Plaintiff's claims of disabling pain. The ALJ particularly noted that Plaintiff's symptoms were sufficiently managed with medication and weight loss. ECF No. 13 at 30. In addition, the ALJ referenced Plaintiff's own testimony that she could drive, cook, clean, do laundry, iron, shop, go to church, play cards, dance, read, watch television, and care for her disabled husband despite the alleged pain and discomfort caused by her impairment. *Id.* Therefore, the ALJ properly considered the evidence of record and found that the evidence contradicted Plaintiff's subjective claims regarding the degree of pain experienced by Plaintiff. *See Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) ("[A]cts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain."); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam) (upholding a finding of no disability where claimant managed his household, grocery shopped, cooked, washed dishes, and walked to town every day); *Rahe v. Astrue*, 840 F. Supp. 2d 1119, 1136 (N.D. Iowa 2011) (finding that substantial evidence in record of claimant's reported activities supported adverse credibility determination of ALJ, who found that claimant had "reported activities of daily living including preparing meals, completing household chores, laundry, and shopping, activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations").

B. **The ALJ Properly Assessed Plaintiff's RFC**.

Where a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must then assess the claimant's residual function capacity ("RFC"). RFC assesses the "maximum degrees to which the individual retains the capacity for sustained performance of the physical—mental requirements of jobs." 20 C.F.R. 404, Subpart P, App.2 § 200.00(c). Plaintiff argues that the ALJ, in determining Plaintiff's RFC, erroneously discredited the opinions of the treating physician (Dr. Hennessy), the board certified orthopedic surgeon (Dr. Hanley), and the consultative examiner (Dr. Barrish). ECF No. 16 at 45-46. Plaintiff's argument lacks merit.

Under the treating physician rule, an ALJ must generally give more weight to a treating physician's opinion. See 20 C.F.R. § 404.1527(c)(2). However, where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence it should be afforded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (superseded by statute on other grounds). Moreover, an ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(1). If a treating source's opinion is not given controlling weight, the ALJ must consider the following factors in deciding the appropriate weight to give the treating physician's opinion: (1) length and frequency of treatment relationship; (2) nature and extent of treatment; (3) supportability, consistency, specialization, and (4) any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1-6). An ALJ need not apply these factors in a mechanical fashion, so long as the ALJ articulates the reasoning behind the weight accorded to the opinion. Carter v. Astrue, 2011 WL 3273060, at 6 (D. Md. July 27, 2011).

Following a review of the medical evidence in Plaintiff's case, the ALJ assigned little weight to the opinions of Dr. Barrish, Dr. Hennessy, and Dr. Hanley. ECF No. 13 at 31. In addition, the ALJ articulated various reasons for assigning little weight to each respective opinion. *Id.* ("Dr. Barrish's consultative examination was limited and references to neck and back limitations appear to be based upon claimant's reported limitations rather than objective testing in the record. Further, these findings are inconsistent with the claimant's reported activities of daily living (. . .)") ("Dr. Hennessey does not provide any contemporaneous treatment records to support his findings of a worsening back condition. There is no recent objective testing and no evidence of ongoing treatment with Dr. Hennessy in the record.") ("Dr. Hanley does not have a treating relationship with the claimant and based his opinion on a single examination. There is no objective evidence in the record to support Dr. Hanley's findings. The opinion appears to be based upon the claimant's subjective reports of worsening pain."). Therefore, the ALJ did not err in assigning less weight to the respective opinions of each doctor.

## C. The ALJ's Evaluation of the Medical Severity of Plaintiff's Impairments Pursuant to Step Three of the Sequential Evaluation was Improper.

At step three of the sequential evaluation, the "listed impairments" step, the ALJ must determine if the claimant's impairment(s) meet or equal one or more of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Where a claimant can show that her condition "meets or equals the listed impairments," the claimant is entitled to a conclusive presumption that she is disabled within the meaning of the Social Security Act. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *See McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir.1979) (stating that the listings, if met, are "conclusive on the issue of disability."). The burden of proof is on the claimant to show that she meets all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Particularly relevant to this case is Listing § 1.04A, which specifically notes "degenerative disc disease" as one of the impairments covered under the listing. 20 C.F.R. Pt. 404, Subpt P, App. 1, § 1.04A. Pursuant to Listing § 1.04A, a claimant is entitled to a conclusive presumption that she is disabled if she can show that her disorder results in compromise of a nerve root or the spinal cord. *Id.* To meet the criteria for a presumptive disability under Listing § 1.04A, a claimant must show evidence of nerve root compression characterized by: (1) neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back; (4) positive straight-leg raising test (sitting and supine). *Id*; *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013). All of the above-specified criteria must be met in order for a claimant to show that her impairment matches a listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

In the present case, the ALJ concluded that Plaintiff did not satisfy the criteria of Listing § 1.04A because there was no compromise of a nerve root or the spinal cord. *See* ECF No. 13 at 28. In support of that conclusion, the ALJ elaborated:

> [t]he claimant's spinal disorders fail to meet the criteria of section 1.04 in that there is no compromise of a nerve root or the spinal cord. Nor is there any evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and there is no positive straight-leg raising test. There is no spinal archnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically, acceptable imaging, manifested by severe burning or painful dysethesia, resulting in the need for changes in position or posture more than once every two hours. The claimant does not have a lumbar spinal stenosis resulting in pseudoclaudication, established by finding on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in an inability to ambulate effectively, as defined in section 1.00B2b.

ECF 13 at 28. Plaintiff argues that the ALJ's determination at step three was improper because it was conclusory and did not involve a comparison of each of the listed criteria with Plaintiff's symptoms. The Court agrees.

An ALJ has a duty to explain the decision so as to enable meaningful judicial review. *See Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir.1987). A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and ... sufficiently explained the weight he has given to obviously probative exhibits." *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir.1984). Furthermore, remand is appropriate where, "[the] ALJ's opinion failed to apply the requirements of the listings to the medical record." *Radford*, 734 F.3d at 291-92 (4th Cir. 2013); *see also Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) (remand required due to ALJ's failure to explain reasoning for excluding any limitation in claimant's RFC); *see also Fox v. Colvin*, 632 Fed. Appx. 750 (4th Cir. 2015) (ALJ's conclusory and perfunctory analysis, at step three of five-step sequential evaluation necessitated remand).

Failure to address sufficiently a relevant listing is ground for remand. In *Cook v. Heckler*, 783 F.3d 1168 (4th Cir. 1986), the Fourth Circuit ordered remand of a denial of Social Security insurance benefits to a widow because the ALJ failed to identify the relevant listings at step three of the sequential evaluation and explicitly compare them to the claimant's symptoms. *Id.* The Court further found that there was "ample evidence in the record to support a determination" that the claimant's condition met one of the impairments. *Id.* at 1172. Thus, the Court held that, "[t]he ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Id.* at 1173.

In *Russell v. Chater*, No. 94–2371, 1995 WL 417576 (4th Cir. July 7, 1995) (per curiam), the Fourth Circuit clarified that *Cook* "does not establish an inflexible rule requiring exhaustive point-by-point discussion in all cases." Likewise, in *Green v. Chater*, No. 94–2049, 1995 WL 478032 (4th Cir. Aug.14, 1995) (per curiam), the court found substantial evidence despite the ALJ's failure to address specific listings, because the ALJ "listed all of the alleged impairments, and discussed why he found many of [claimant's] alleged symptoms were not credible," and further "found that many of [the claimant's] alleged symptoms were treatable." *Id.* at 3.

In this case, the ALJ failed to adequately explain her decision that plaintiff did not meet Listing § 1.04A. As discussed previously, the ALJ determined that Plaintiff suffered from degenerative disc disease; diabetes mellitus; and obesity. ECF No. 13 at 27. An MRI exam further revealed that Plaintiff suffered "degenerative disc disease at L3-L4 as well as spondylosis." ECF No. 13 at 361. Plaintiff also obtained an x-ray which, as noted by Dr. McGovern, revealed "[c]ervical and lumbar radiculopathy as a result of her injury of October 2, 2006 with aggravation of preexisting disc degeneration and spinal stenosis status post cervical fusion at two levels."[2] ECF No. 13 at 379. The record additionally references a history of "chronic neck and low back pain," which may correspond to neuro-anatomic distribution of pain. *Id.* It also includes evidence of limited spinal motion, ECF No. 13 at 362, 363, and instances of motor, reflex and sensory loss ECF No. 13 at 326, 327, 362, 363.

The record, therefore, contained ample evidence supporting a condition that matched Listing § 1.04A, and the ALJ was required to address such evidence in a way that sufficiently explained the reasoning supporting his ultimate decision. *See Radford*, 734 F.3d at 295; *see also*

---

[2] Radiculopathy: irritation of or injury to a nerve root (as from being compressed) that typically causes pain, numbness, or weakness in the part of the body which is supplied with nerves from that root. *Radiculopathy*, Merriam-Webster Collegiate Dictionary, (11th ed. 2003).

*Russell*, No. 94–2371, 1995 WL 417576, at 3; *see also Cook*, 783 F.2d at 1172. Nonetheless, the ALJ simply concluded that Plaintiff presented no evidence of any of the Listing § 1.04A criteria.

The ALJ did discuss Plaintiff's medical records at considerable length in setting Plaintiff's RFC prior to step four of the sequential evaluation, placing special emphasis on Plaintiff's lack of objective testing or contemporaneous treatment records, Plaintiff's ability to perform activities of daily living, and medical reports showing that Plaintiff's condition could be managed with medication and weight loss. ECF No. 13 at 29-31. However, these findings in themselves do not negate the evidence that Plaintiff's diagnosis' may have satisfied the criteria for Listing § 1.04A. Because the content of the ALJ's explanation did not adequately address whether Plaintiff satisfied the criteria of Listing § 1.04A, in light of evidence to the contrary, the ALJ did not satisfy the requirement to explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The court, therefore, cannot determine whether the ALJ's decision with regard to Listing § 1.04A at step three of the sequential evaluation is supported by "substantial evidence." Thus, the legal analysis is insufficient to allow for substantial evidence review and the case must be remanded for proper consideration. The Court need not address Plaintiff's remaining arguments.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, and Plaintiff's alternative motion for remand (ECF No. 16) is GRANTED. The Court REMANDS this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. §§ 405(g), for further consideration in accordance with this Court's accompanying order. In so doing, I express no opinion as to

whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct or incorrect. The clerk is DIRECTED to close this case.

Date: 6/6/16

A.  David Copperthite
United States Magistrate Judge